UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY POLING, | ) | 1:11CV1832 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| v. | ) | (Mag. Judge Kenneth S. McHargh) |
| | ) | |
| BENNIE KELLY, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | RECOMMENDATION |

McHARGH, MAG. JUDGE

The petitioner Timothy Poling ("Poling") has filed a petition pro se for a writ of habeas corpus, arising out of his 2008 convictions for rape and gross sexual imposition, in the Ashtabula County (Ohio) Court of Common Pleas.  (Doc. 1; see also doc. 24.)  In his original petition, Poling raised five grounds for relief:

> 1.  An expert witness improperly testifies to the [veracity] of a child's statements.
>
> 2.  Right to have guilt proven beyond a reasonable doubt and false evidence is used against him to smear the charges.
>
> 3.  Statements made by alleged victim are unreliable because she was questioned in a leading and suggestive manner, had reason to fabricate, and was inconsistent in her declarations and had met with detective prior to statement.
>
> 4.  Defendant's right to due process was violated when the trial court allowed testimony to continue on a faulty microphone over defendant's objection.

5.  Ineffective assistance of counsel.

(Doc. 1, § 12; doc. 24, Amended Petition, at 61-67.)  The original petition was

dismissed without prejudice pending the exhaustion of Poling's state court

remedies.  (Doc. 9.)

Subsequently, Poling filed a motion to reopen and amend, which motion was

granted by the court.  (Doc. 10, 11.)  Poling filed an amended petition, which

incorporated the grounds of his original petition.  (Doc. 12.)  The additional grounds

are:

> [6.]  Petitioner/Defendant is denied his right to a fair trial by an
> impartial jury.
>
> [7.]  Ineffective trial counsel.
>
> [8.]  Ineffective appellate counsel.
>
> [9.]  Abuse of discretion of the trial court to not grant evidentiary
> hearing.

(Doc. 12; doc. 24, Amended Petition.)

The respondent filed an Amended Return of Writ which addresses all of

Poling's grounds for habeas relief.  (Doc. 30.)  Poling filed a supplemental Traverse.

(Doc. 31.)

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The court of appeals set forth the following factual and procedural

background:

2

Poling was indicted on two counts of Rape, in violation of R.C. 2907.02(A)(1)(B) and R.C. 2907.02(A)(2), and 25 counts of Gross Sexual Imposition, in violation of R.C. 2907.05.  The indictment stemmed from allegations that Poling engaged in sexual contact with his girlfriend, Deborah Cunningham's, minor granddaughter, H.C., d.o.b.10/16/97.

Poling and Cunningham have been in a relationship for many years and reside together.  Cunningham is H.C.'s paternal grandmother.  After H.C.'s parents divorced, and H.C.'s father joined the Navy, H.C.'s mother allowed H.C. to spend almost every other weekend at Poling/Cunningham's residence.  H.C. called Poling "Grandpa Tim."

After watching an episode of Law and Order: Special Victims Unit, a fictional television program about sexual crimes, with her babysitter, H.C. made allegations that Poling had been molesting her.  H.C. alleged that while Cunningham was either sleeping or out of the house, Poling touched her inappropriately on her thighs, shoulders, and "two and a half inches below her belly button" also referred to, by H.C., as her "peach".  She also claimed that Poling performed oral sex on her once and that Poling gave her money in return for sexual favors.

A jury trial was held on October 7, 2008, in which the State of Ohio called six witnesses: Lisa Ann Szparaga, H.C.'s babysitter; Chastity Eichele, H.C.'s mother; H.C.; Dr. Paul McPherson, a physician at the Akron Children's Hospital in Youngstown; Janet Gorsuch, a nurse practitioner that interviewed/examined H.C. at the Youngstown Children's Advocacy Center; and Michael Rose, a Detective at the Ashtabula County Children's Services Department.

The Defense called 18 witnesses including numerous children; adults; and neighbors who, in the past, had visited and/or spent the night at Poling's residence; Cunningham; and Poling.

After the witness testimony had concluded, Poling made a Rule 29 Motion for Acquittal and a Motion for Mistrial, which were both overruled.  Additionally, seven counts of GSI were dismissed upon motion by Poling.

The jury subsequently found Poling Guilty of both counts of Rape and four counts of GSI and Not Guilty on the` remaining 14 counts of GSI.

3

On October 24, 2008, Poling's Sentencing Hearing was held.  At the hearing, the court merged the two Rape charges and sentenced Poling to a mandatory term of life in Prison.  Poling was further ordered to serve a five year sentence for each of the four GSI counts, to be served concurrently.  Further, the GSI sentence was to be served consecutively to the life sentence.  Poling was also classified as a Tier III Sex Offender.

(Doc. 30, RX 32, at 2-3; *State v. Poling*, No. 2008-A-0071, 2010 WL 1057456, at *1

(Ohio Ct. App. Mar. 19, 2010).)

Poling filed a timely direct appeal (doc. 30, RX 23), which was initially

dismissed for failure to prosecute (doc. 30, RX 24).  However, the court granted his

motion to reopen (Doc. 30, RX 25, 27), and Poling raised six assignments of error:

1.  The trial Court did err by allowing the State to admit evidence of the defendant's prior bad acts.

2.  The trial Court did err by making in appropriate comments to the jury.

3.  The trial Court did err by allowing improper expert testimony.

4.  Defendant was denied effective assistance of counsel.

5. The cumulative effect of the errors at trial deprived appellant of his constitutional right to a fair trial.

6. The trial Court did err when it entered judgment against the defendant when the evidence was insufficient to sustain a conviction and was not supported by the manifest weight of the evidence.

(Doc. 30, RX 28.)  On March 22, 2010, his conviction was affirmed on direct appeal.

(Doc. 30, RX 32; *Poling*, 2010 WL 1057456.)

Poling filed an appeal with the Supreme Court of Ohio, setting forth the

following proposition of law:  "An expert witness improperly testifies to the veracity

4

of a child's statements, when he opines the child has been sexually abused, and the expert's opinion is based upon the child's statements."  (Doc. 30, RX 34.)  The court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question, on July 21, 2010.  (Doc. 30, RX 36; *State v. Poling*, 126 Ohio St.3d 1516, 930 N.E.2d 333 (2010).)

A later panel of the court of appeals provided further procedural background:

On August 31, 2009, Poling filed a Petition to Vacate or Set Aside Judgment of Conviction or Sentence in the trial court.  In the Petition, he raised the claim that his counsel was ineffective, by both falling asleep during the trial and by allowing a juror who knew Poling to be seated on the jury.  Poling asserted that this juror, Lee Hoeffel, was his principal in high school, that he had "runs ins" with Hoeffel, and Hoeffel may have been prejudiced against Poling.

The trial court issued a Judgment Entry on January 21, 2010, denying Poling's Petition.  The trial court found that Poling failed to show sufficient operative facts to demonstrate that counsel was ineffective and also found that the claims were barred by res judicata.

On February 17, 2010, Poling filed a Notice of Appeal from that Judgment Entry.  The appeal was subsequently dismissed by this court, due to Poling's failure to prosecute.  Poling filed a Motion to Reinstate the appeal, which was overruled since Poling did not provide good cause for his failure to prosecute.

On June 16, 2010, Poling filed an Application for Reopening with this court, pursuant to App.R. 26(B), asserting that his appellate counsel was ineffective for failing to raise four additional assignments of error in his direct appeal.  This court, in a July 28, 2010 Judgment Entry, denied Poling's Application and found that he was unable to demonstrate his appellate counsel was ineffective for failing to assert Poling's proposed assignments of error.[1]

---

[1]  Poling appealed this decision to the state high court (doc. 30, RX 40), which dismissed his appeal.  (Doc. 30, RX 41.)

On October 25, 2011, Poling filed a second Petition to Vacate or Set Aside Sentence with the trial court, asserting that he had discovered new information.  He presented the affidavit of alternate juror Cindy Hotchkiss, who asserted that juror Hoeffel, who personally knew Poling, disclosed negative information about Poling to the other jurors. The State filed a Motion to Dismiss this petition, asserting that it was barred by res judicata.

The trial court found that the issue raised in this petition had been raised in the earlier postconviction petition, filed on August 31, 2009, and that it was barred by res judicata.  The court also found that even if Poling's argument was not barred by res judicata, the affidavit of Hotchkiss would be inadmissible at an evidentiary hearing.  The court granted the State's Motion and dismissed Poling's Petition.

(Doc. 30, RX 67, at 2-3; *State v. Poling*, No. 2012-A-0002, 2012 WL 2522974, at *1-

*2 (Ohio Ct. App. June 29, 2012).)

Poling filed a timely appeal of that determination, and raised four

assignments of error:

1. Was abuse of discretion for trial court not to grant evidentiary hearing concerning juror misconduct when affidavit pointed to extraneous information and affidavit was new evidence dehors the record.

2. Petitioner was denied a fair trial and due process of law when juror violates court's instructions and petitioner's constitutional rights.

3. Trial counsels failures resulted in prejudice towards appellant and denied him a fair trial and right to counsel.

4. Appellate counsels failures resulted in prejudice towards the defendant denying him a fair trial, right to effective appellate counsel and review of substantial constitutional questions.

(Doc. 30, RX 64.)  The court of appeals affirmed the judgment of the trial court.

(Doc. 30, RX 67; *Poling*, 2012 WL 2522974.)

Poling filed an appeal with the Supreme Court of Ohio, setting forth the

following three propositions of law:

> 1.  Defendant was denied his constitutional right to an impartial jury
> as guaranteed by the U.S. Constitution Amendment VI.  When a juror,
> in open court, tells the court he cannot be unbiased against the
> defendant and the alternate juror who sat in at the trial, but did not
> deliberate, supplies an affidavit, three years after defendant's
> conviction, to substantiate prejudice and bias this defendant faced at
> trial.
>
> 2.  A defendant is denied his constitutional right to be represented
> effectively at all stages of the proceedings when trial counsel and
> appellate counsel fail to protect his constitutional rights.
>
> 3.  A defendant is denied his right to fair review of errors when the
> trial court and appellate court find non abuse of discretion by the trial
> court for not granting an evidentiary hearing.

(Doc. 30, RX 69.)  The court denied leave to appeal and dismissed the appeal as not

involving any substantial constitutional question, on Oct. 24, 2012.  (Doc. 30, RX

70; *State v. Poling*, 133 Ohio St.3d 1426, 976 N.E.2d 916 (2012).)


## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of

1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal

courts must apply when considering applications for a writ of habeas corpus.  Under

the AEDPA, federal courts have limited power to issue a writ of habeas corpus with

respect to any claim which was adjudicated on the merits by a state court.  The

Supreme Court, in *Williams v. Taylor*, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two
> conditions is satisfied -- the state-court adjudication resulted in a
> decision that (1) "was contrary to ... clearly established Federal law, as
> determined by the Supreme Court of the United States," or (2)
> "involved an unreasonable application of ... clearly established Federal
> law, as determined by the Supreme Court of the United States."
> Under the "contrary to" clause, a federal habeas court may grant the
> writ if the state court arrives at a conclusion opposite to that reached
> by this Court on a question of law or if the state court decides a case
> differently than this Court has on a set of materially indistinguishable
> facts.  Under the "unreasonable application" clause, a federal habeas
> court may grant the writ if the state court identifies the correct
> governing legal principle from this Court's decisions but unreasonably
> applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2002).  *See also Lorraine v. Coyle*, 291

F.3d 416, 421-422 (6th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court

precedent "if the state court applies a rule that contradicts the governing law set

forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405.  *See also Price v.*

*Vincent*, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court

considers the state decision to be erroneous or incorrect.  Rather, the federal court

must determine that the state court decision is an objectively unreasonable

application of federal law.  *Williams*, 529 U.S. at 410-12; *Lorraine*, 291 F.3d at 422.

Poling has filed his petition pro se.  The pleadings of a petition drafted by a

pro se litigant are held to less stringent standards than formal pleadings drafted by

lawyers, and will be liberally construed.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th

8

Cir. 2001) (citing *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se.  *McNeil v. United States*, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

## III.  STATUTE OF LIMITATIONS

The respondent contends that the grounds of the amended habeas petition are time-barred.  (Doc. 30, at 19-25.)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final."  *Carey v. Saffold*, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)).  The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Thus, the one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari.  *Clay v. United States*, 537 U.S. 522, 528 n.3 (2003); *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002); *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001), *cert. denied*, 534 U.S. 924 (2001) (citing cases).  However, a habeas petitioner

filing for collateral relief does not benefit from the 90 day certiorari period. *Lawrence v. Florida*, 549 U.S. 327 (2007) (interpreting 28 U.S.C. § 2244(d)(2)).

Poling's direct appeal ran its course when the Supreme Court of Ohio denied review on July 21, 2010.  (Doc. 30, RX 36.)  However, at that time, Poling's Rule 26(B) application (doc. 30, RX 37) was still pending, which tolled the running of the statute of limitations.   The limitations period is tolled while "properly filed" state post-conviction or collateral proceedings are pending.  *Souter v. Jones*, 395 F.3d 577, 585 (6th Cir. 2005); *Searcy v. Carter*, 246 F.3d 515, 517-518 (6th Cir.), *cert. denied*, 534 U.S. 905 (2001); 28 U.S.C. § 2244(d)(2).

The proceedings on his Rule 26(B) application, and its appeal, ended when the Ohio Supreme Court denied leave to appeal on Dec. 1, 2010.  (Doc. 30, RX 41.) The statute of limitations began running the next day, and would ordinarily have expired one year later, on Dec. 1, 2011.  *See generally Lawrence*, 549 U.S. 327 (collateral relief does not benefit from 90 day certiorari period).

However, Poling filed a second petition for postconviction relief on Oct. 25, 2011, which temporarily halted the running of the statute of limitations at 327 days.  (Doc. 30, RX 56.)  The tolling of the limitations period ended when the state high court dismissed the appeal on Oct. 24, 2012.  (Doc. 30, RX 70.)  Although filing a collateral motion may toll the running of a pending, unexpired one-year limitations period, *Souter*, 395 F.3d at 585, it will not "revive" the statute, or cause it to begin running anew.  *Hill v. Randle*, No. 00-4168, 2001 WL 1450711, at *2 (6th

Cir. Nov. 7, 2001); *Searcy*, 246 F.3d at 519; *Leon v. Bradshaw*, No. 1:05CV875, 2006 WL 1624430, at *4 (N.D. Ohio June 6, 2006).

Thus, only thirty-eight days of the limitations period remained, and the statute of limitations expired on Dec. 1, 2012. Poling's amended petition was not filed until Dec. 13, 2012 (doc. 12, at p. 13), and was therefore untimely filed.

### A. Mandatory Equitable Tolling

Poling asserts that mandatory equitable tolling should apply. (Doc. 25, at 13; *see also* doc. 9.) The respondent contends that it is inapplicable under the circumstances here. (Doc. 30, at 24-25.)

Mandatory equitable tolling applies only if the petitioner, following a stay-and-abeyance, refiles his habeas petition within 30 days of exhaustion. *Griffin v. Rogers*, 399 F.3d 626, 631 (6th Cir. 2005). Poling did not do so.

Otherwise, to benefit from equitable polling, Poling must show that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 ( 2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 750 (6th Cir. 2011), *cert. denied*, 133 S.Ct. 187 (2012). Sixth Circuit case law has consistently held that the circumstances which will lead to equitable tolling are rare. *Hall*, 662 F.3d at 749 (equitable tolling granted "sparingly"); *Souter*, 395 F.3d at 590 (quoting *Schlup v. Delo*, 513 U.S. 298, 321 (1995)); *King v.*

11

*Bell*, 378 F.3d 550, 553 (6th Cir. 2004); *see also Smith v. McGinnis*, 208 F.3d 13, 17

(2d Cir.), *cert. denied*, 531 U.S. 840 (2000) (rare and exceptional).

Poling bears the burden of persuading the court that he is entitled to

equitable tolling.  Griffin, 308 F.3d at 653; Day v. Konteh, No. 1:08CV0212, 2009

WL 3321388, at *10 (N.D. Ohio Oct. 13, 2009).  Poling does not show that some

"extraordinary circumstance" stood in the way of his timely filing.  (Doc. 25, at 13.)

Equitable tolling should not apply.

### B.  Amended Claims Relate Back?

Poling argues that all of the grounds of the amended petition should "relate

back" to the filing date of the original petition "as it is from not only the defense

counsels mistakes but constitutional errors by the court that brought forth these

issues." (Doc. 25, at 13.)  The respondent contends that all of the claims of the

amended petition differ from the claims raised in the initial petition, thus they do

not relate back for limitations purposes.  (Doc. 30, at 23-24.)

The Supreme Court in *Mayle v. Felix* ruled:

> An amended habeas petition, we hold, does not relate back (and
> thereby escape AEDPA's one-year time limit) when it asserts a new
> ground for relief supported by facts that differ in both time and type
> from those the original pleading set forth.

*Mayle v. Felix*, 545 U.S. 644, 650 (2005); Wiedbrauk v. Lavigne, No. 04-1793, 2006

WL 1342309, at *7 (6th Cir. May 17, 2006), cert. denied, 549 U.S. 961 (2006)

(quoting *Mayle*).  It is not sufficient that the claims simply "relate to the same trial,

conviction, or sentence as a timely filed claim."  *Id.  See also United States v. Hicks*,

283 F.3d 380, 388 (D.C. Cir. 2002). The *Mayle* Court "followed the majority of circuit courts that had resolved that new claims differing in both time and type do not relate back to a timely-filed petition." *Johnson v. Sheets*, No. 2:07CV490, 2008 WL 926582, at *7 (S.D. Ohio Apr. 3, 2008) (quoting *Schurz v. Schriro*, No. CV97580, 2006 WL 89933 (D.Ariz. Jan. 11, 2006)).

The Court ruled that "if the new claim merely clarifies or amplifies a claim or theory already in the original petition, the new claim may relate back to the date of the original petition and avoid a time bar." *Johnson*, 2008 WL 926582, at *7-*8 (quoting *Schurz*). In other words, "new claims relate back to the date of the original petition if the new claims share a 'common core of operative facts' with the original petition." *Cowan v. Stovall*, 645 F.3d 815, 818 (6th Cir. 2011) (citing *Mayle*, 545 U.S. at 664).

The sixth claim of the amended petition, concerning an allegedly biased juror, the eighth ground, ineffective appellate counsel, and the ninth claim, concerning an alleged abuse of discretion in the trial court's failure to grant an evidentiary hearing of his post-conviction petition, do not share a common core of operative facts with the original claims, and do not relate back to the original petition.

The seventh claim, of ineffective trial counsel, would relate back, however. The fifth ground of the original petition is that Poling was denied effective assistance of trial counsel:

13

> He failed to investigate this case properly, he failed to secure [relevant] witnesses in favor of character witnesses and allowed a juror to be seated who made it clear that he was biased and that could affect his decision making, counsel failed to ask this juror a single question about his declaration as counsel had fallen asleep and did not hear this juror.

(Doc. 24, at 66-67.)  The seventh ground of the amended petition is also ineffective assistance of trial counsel:

> Ineffective assistance of trial counsel, is clearly shown from counsel's failure to ask a single question of this prospective juror[2] during voir dire.  [The juror] made it clear that he knew of this petitioner and did not think [he] could remain fair.  Trial counsel did fall asleep during voir dire and the three defense witnesses did witness petitioner wake him up. At this point this petitioner was left to fend for himself and was denied any assistance of counsel.  This placed the petitioner in the same situation he has found himself in trying to bring these issues forward, pro se, at the trial stage.  For trial counsel to allow this to happen rendered him ineffective.

(Doc. 12, PX BB, at 3.)  Although the seventh ground focuses on the failure to challenge the juror in question, that issue is encompassed in the fifth ground as well.  It is clear that the seventh ground "merely clarifies or amplifies" the fifth ground, which was already in the original petition, thus it may relate back to the date of the original petition.  *See, e.g., Johnson*, 2008 WL 926582, at *7-*8

The habeas statute of limitations expired on Dec. 1, 2012, and Poling's amended petition was not filed until Dec. 13, 2012, so was untimely filed, with the exception of the seventh ground, which would relate back to the filing of the original

---

[2]  The juror in question is identified and discussed in the supporting facts for the previous (sixth) ground.

14

petition.  The sixth, eighth, and ninth grounds were not timely raised, and should be dismissed.

## IV.  PROCEDURAL DEFAULT

The respondent contends that the second through fifth grounds of the petition are procedurally defaulted because Poling failed to raise them on direct review. (Doc. 30, at 31-40.)

A habeas claim may be procedurally defaulted in two distinct ways.  First, by failing to comply with state procedural rules.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)). Second, by failing to raise a claim in state court, and to pursue the claim through the state's ordinary review process.  *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)).

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies.  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001) (citing *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir.), *cert. denied*, 534 U.S. 977 (2001)).  To satisfy the  exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.  The exhaustion requirement is satisfied when the highest court in the state has been given a full

and fair opportunity to rule on the petitioner's claims.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990)). A petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules.  *Coleman*, 501 U.S. at 731-732; *Buell*, 274 F.3d at 349.

Where a state court has failed to address a prisoner's federal claim(s) because the prisoner failed to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief.  *Coleman*, 501 U.S. at 729-730; *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Morales v. Coyle*, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000), *aff'd*, 507 F.3d 916 (6th Cir. 2007).  Thus, where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Buell*, 274 F.3d at 348 (quoting *Coleman*, 501 U.S. at 750); *Davie v. Mitchell*, 324 F.Supp.2d 862, 870 (N.D. Ohio 2004), *aff'd*, 547 F.3d 297 (6th Cir. 2008), *cert. denied*, 558 U.S. 996 (2009).

The court considers four factors to determine whether a claim has been procedurally defaulted:  (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether

16

the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for her not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Buell*, 274 F.3d at 348 (citing *Maupin*, 785 F.2d at 138); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001) (quoting *Maupin*).

Any claims that Poling could have asserted in his direct appeal, but did not, are defaulted under the Ohio doctrine of res judicata. *Coleman*, 244 F.3d at 538; *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996) (syllabus); *State v. Perry*, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106 (1967) (syllabus, ¶9). The Ohio rule of res judicata satisfies the first three factors in *Maupin*. *Jacobs*, 265 F.3d at 417. The fourth factor is that the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule. *Coleman*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

## A. Second ground: Sufficiency of the Evidence

The second ground of the petition argues that the evidence was insufficient to convict him. Poling argues that the act of cunnilingus was not proven beyond a reasonable doubt. (Doc. 24, at 63-64.) On direct appeal, although Poling also raised

17

a sufficiency of the evidence claim as his sixth assignment of error, his arguments dealt with (1) the alleged dates of the acts, and (2) the issue of "force."  (Doc. 30, RX 28, at 25-26.)

The Sixth Circuit has held that "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also Jalowiec v. Bradshaw*, No. 1:03CV0645, 2008 WL 312655, at *24 (N.D. Ohio Jan. 31, 2008), *aff'd*, 657 F.3d 293 (6th Cir. 2011), *cert. denied*, 133 S.Ct. 107 (2012). Although Poling presented an insufficiency of the evidence claim to the state courts, the issue as raised in his habeas petition was not presented to the state court.

Thus, the second ground would be barred by res judicata.  Poling does not demonstrate cause for his procedural default.  *See generally* doc. 25, 31.

### B.  Third ground:  Reliability of Testimony

The third ground concerns the reliability of the victim's testimony.  This claim was not presented on direct review.  The third ground would be barred by res judicata.  Poling does not demonstrate cause for his procedural default.  *See generally* doc. 25, 31.

### C.  Fourth Ground:  Faulty Sound System at Trial

The fourth ground concerns a faulty microphone during the victim's testimony, and the trial court's alleged failure to address the issue.  This claim was not presented on direct review.  The fourth ground would be barred by res judicata.

Poling does not demonstrate cause for his procedural default.  *See generally* doc. 25,

31.

### D.  Fifth Ground:  Ineffective Assistance of Trial Counsel

The fifth ground is ineffective assistance of trial counsel:

> He failed to investigate this case properly, he failed to secure [relevant]
> witnesses in favor of character witnesses and allowed a juror to be
> seated who made it clear that he was biased and that could affect his
> decision making, counsel failed to ask this juror a single question
> about his declaration as counsel had fallen asleep and did not hear this
> juror.

(Doc. 24, at 66-67.)  (The last aspect of this claim, concerning the failure to

challenge the juror, has been amplified by the seventh assignment of error in the

amended petition.  Doc. 12, PX BB, at 3.)  Poling raised ineffective assistance of

counsel as his fourth assignment of error on direct review.  He raised several issues

of counsel's performance:

1.  Counsel failed to object to the admission of evidence of other bad

acts.

2.  Counsel failed to object when the trial Court declared the State's

witnesses to be experts, in the hearing of the jury.

3.  Counsel failed to object to the trial Court's curative instruction,

which caused the jury to improperly consider both punishment and the

doctrine of allied offenses of similar import.

4.  Counsel failed to object to Dr. McPherson's testimony about

"grooming," allowing the jury to consider improper opinion testimony.

19

    5.  Counsel failed to object to both Dr. McPherson's and Nurse

Gorsuch's medical opinion that H– was sexually abused. McPherson

and Gorsuch essentially testified to the veracity of H–'s statement.

(Doc. 30, RX 28, at 23.)  The grounds raised in the fifth (and seventh) grounds were

not raised on direct appeal.  *See generally Wong*, 142 F.3d at 322.

    Poling also raised a claim of ineffective assistance of counsel in his petition

for postconviction relief.  Poling claimed that counsel "fell asleep during trial, failed

to investigate, allowed biased jurors to be seated." (Doc. 30, RX 42, at 2.)  He also

raised a second claim not relevant to this proceeding.  The trial court dismissed the

petition, finding that res judicata barred consideration of those issues which could

have been raised on direct appeal, finding the affidavits submitted in support of his

claims not to be credible, and finding Poling had not provided sufficient operative

facts to support granting relief.  (Doc. 30, RX 48, at 6-7.)  Although Poling appealed

(doc. 30, RX 49), that appeal was dismissed for lack of prosecution.  (Doc. 30, RX

51.)  Poling's motion to reinstate the appeal was denied.  (Doc. 30, RX 55.)  He did

not pursue an appeal to the Supreme Court of Ohio.

    Poling has failed to properly exhaust his ineffective assistance claim(s) by

giving the state high court a full and fair opportunity to rule on his constitutional

claims.  *Rust*, 17 F.3d at 160.  Poling cannot return to state court to exhaust the

claims because the Ohio Supreme Court has ruled that arguments that could have

been raised in an initial appeal (and were not) will be barred from consideration on

appeal following remand, under the doctrine of res judicata.  *State v. Hutton*, 100

20

Ohio St.3d 176, 182, 797 N.E.2d 948, 956 (2003); *State v. Gillard*, 78 Ohio St.3d 548, 549, 679 N.E.2d 276 (1997), *cert. denied*, 523 U.S. 1108 (1998).

"If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Williams*, 460 F.3d at 806 (citing *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)).  Where state court remedies are no  longer available to the petitioner, procedural default and not exhaustion bars habeas review.  *Id.*

The second, third, fourth, fifth and seventh grounds of the petition have been procedurally defaulted.

## V.  IMPROPER TESTIMONY

The first ground of the petition is that an expert witness improperly testified to the veracity of the child-victim's statements.  (Doc. 1, § 12; doc. 24, Amended Petition, at 61-63.)  On direct appeal, this argument was presented as his third assignment of error: "The trial Court did err by allowing improper expert testimony." (Doc. 30, RX 28.)  Poling also set forth this claim as his sole proposition of law in his appeal to the Supreme Court of Ohio:  "An expert witness improperly testifies to the veracity of a child's statements, when he opines the child has been sexually abused, and the expert's opinion is based upon the child's statements." (Doc. 30, RX 34.)

The respondent argues that Poling did not present the first ground to the state courts as a federal constitutional claim.  (Doc. 30, at 30-31.)

Poling's claims would be procedurally defaulted if he failed to fairly present each claim as a matter of federal law to the state courts.  Mason v. Brunsman, No. 09–3939, 2012 WL 1913965, at *6 (6th Cir. May 29, 2012), cert. denied, 133 S.Ct. 447 (2012) (quoting Stanford v. Parker, 266 F.3d 442, 451 (6th Cir. 2001).

This court does not have jurisdiction to consider a federal claim in a habeas petition which was not fairly presented to the state courts.  Baldwin v. Reese, 541 U.S. 27 (2004); Jacobs, 265 F.3d at 415.  The Sixth Circuit has stated:

> A claim may only be considered "fairly presented" if the petitioner asserted both the factual and legal basis for his claim to the state courts.  This court has noted four actions a defendant can take which are significant to the determination whether a claim has been "fairly presented":  (1) reliance upon federal cases employing constitutional analysis;  (2) reliance upon state cases employing federal constitutional analysis;  (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right;  or (4) alleging facts well within the mainstream of constitutional law.

McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000), cert. denied, 532 U.S. 958 (2001) (citing Franklin v. Rose, 811 F.2d 322, 325-326 (6th Cir. 1987)).  See also Hicks v. Straub, 377 F.3d 538, 552-554 (6th Cir. 2004), cert. denied, 544 U.S. 928 (2005).  To "fairly present" the claim to the state courts, a habeas petitioner must present his claim as a federal constitutional issue, not as an issue arising solely under state law.  Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984).

On direct appeal,  Poling argued that the trial court erred by allowing improper expert testimony.  (Doc. 30, RX 28, at 20-22.)  Poling argued that the trial court misapplied Ohio Rules of Evidence 104(A) and 702 in finding Dr. McPherson

to be an expert in the area of child abuse.  According to Poling, the doctor was improperly allowed to testify to the differences between children's and adults' memories, and to the manner in which sexual offenders "groom" their victims.  (Doc. 30, RX 28, at 20-21.)

In addition, Poling complained that both the doctor and Nurse Gorsuch offered medical opinions that the child-victim was the victim of sexual abuse.  (Doc. 30, RX 28, at 21.)  Poling asserted that, by offering a medical opinion based upon a victim's statement, the doctor and nurse essentially testified to the veracity of the child's statement, usurping the jury's role as a fact finder.  *Id.* at 22.  Poling pointed out that, in Ohio, "An expert may not testify as to the expert's opinion of the veracity of the statements of a child declarant."  (Doc. 30, RX 28, at 22, quoting *State v. Boston*, 46 Ohio St.3d 108, 129, 545 N.E.2d 1220 (1989).)

Poling's arguments on this claim before the Supreme Court of Ohio were the same arguments, bolstered by additional state case law.  (Doc. 30, RX 34, at 6-7, citing *Boston* and *State v. Stowers*, 81 Ohio St.3d 260, 690 N.E.2d 881 (1998).)

In the *Boston* case, the state high court dealt with several issues[3] concerning a mother's testimony of a three-year-old's statements under the "excited utterance" rule, the reliability of a prior identification of alleged child sexual abuser, and other issues.  *See generally Boston*, 46 Ohio St.3d 108, 545 N.E.2d 1220.  However, Poling relied on the portion of the opinion which addressed the testimony of a pediatrician

---

[3] Aspects of the *Boston* opinion, which are not relevant here, were modified by *State v. Dever*, 64 Ohio St.3d 401, 596 N.E.2d 436 (1992).

23

who had been "allowed to express her opinion that [the victim] had not fantasized her abuse..."  The court noted that, with this testimony, the pediatrician "in effect, declared that [the victim] was truthful in her statements." *Boston*, 46 Ohio St.3d at 128, 545 N.E.2d at 1240.  The court found such testimony improper and prejudicial. *Boston*, 46 Ohio St.3d at 128-129, 545 N.E.2d at 1240.  The court held "that an expert may not testify as to the expert's opinion of the veracity of the statements of a child declarant." *Boston*, 46 Ohio St.3d at 129, 545 N.E.2d at 1240; *see also Boston*, 46 Ohio St.3d at 108, 545 N.E.2d at 1222 (syllabus).

The *Stowers* decision is not on point for the arguments raised by Poling.  In *Stowers*, the state supreme court held that:  "An expert witness's testimony that the behavior of an alleged child victim of sexual abuse is consistent with behavior observed in sexually abused children is admissible under the Ohio Rules of Evidence." *Stowers*, 81 Ohio St.3d at 261, 690 N.E.2d at 883.  The court distinguished the situation before it from that addressed in the *Boston* syllabus, stating that *Boston* "does not proscribe testimony which is additional support for the truth of the facts testified to by the child, or which assists the fact finder in assessing the child's veracity." *Stowers*, 81 Ohio St.3d at 263, 690 N.E.2d at 884.

On direct appeal, then, Poling did not fairly present his claim to the state courts as a federal constitutional issue, but rather as an issue arising solely under Ohio evidentiary law.[4]  The "clearly established rule" is that alleged errors of state

---

[4]  Poling did not argue, for example, that the evidentiary ruling was so egregious that it resulted in a denial of fundamental fairness. *See, e.g.*, *Bugh v.*

law, "especially rulings regarding the admission or exclusion of evidence," are not within the purview of a federal habeas court.  *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988).  *See also Bugh*, 329 F.3d at 512; *see generally Broom v. Mitchell*, 441 F.3d 392, 406 (6th Cir. 2006), *cert. denied*, 549 U.S. 1255 (2007).  This court must presume that the Ohio state courts correctly interpreted Ohio evidence law in their evidentiary rulings.  *Small v. Brigano*, No. 04-3328, 2005 WL 1432898, at *5 (6th Cir. June 17, 2005).

Poling's first ground is procedurally defaulted because he failed to fairly present the claim as a matter of federal law to the state courts.  Mason, 2012 WL 1913965, at *6 (quoting Stanford, 266 F.3d at 451).

SUMMARY

The petition for a writ of habeas corpus should be denied.  The second, third, fourth, fifth and seventh grounds of the petition have been procedurally defaulted.  The sixth, eighth, and ninth grounds were not timely raised, and should be dismissed.  The first ground was not fairly presented as a federal claim to the state courts.

---

*Mitchell*, 329 F.3d 496, 512 (6th Cir.), *cert. denied*, 540 U.S. 930 (2003).

RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be denied.


Dated:  __June 30, 2014___          __/s/ Kenneth S. McHargh___
                                     Kenneth S. McHargh
                                     United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

26