**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **TIMOTHY POLING,** | ) | **Case No.  1:11 CV 1832** |
| | ) | |
| **Petitioner,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **BENNIE KELLY, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

Before the Court is the Report and Recommendation of Magistrate Judge Kenneth S. McHargh ("R&R").  On August 2, 2011, Poling filed, *pro se,* a petition under 28 U.S.C. § 2254 for a writ of habeas corpus (Doc. #1), and on December 13, 2012 he filed an amended petition (Doc. # 12 at p.13).   The petition arises out of Poling's 2008 convictions for rape and sexual imposition.  The Magistrate Judge recommends that the Court deny the Petition.

In his original Petition, Poling raised five grounds for relief:

1. An expert witness improperly testifies to the [veracity] of a child's statements.

2. Right to have guilt proven beyond a reasonable doubt and false evidence is used against him to smear the charges.

3. Statements made by alleged victim are unreliable because she was questioned in a leading and suggestive manner, had reason to fabricate, and was inconsistent in her declarations and had met with detective prior to statement.

4. Defendant's right to due process was violated when the trial court allowed testimony to continue on a faulty microphone over defendant's objection.

5. Ineffective trial counsel.

The Court dismissed the original Petition without prejudice pending the exhaustion of Poling's state court remedies.  (Doc. # 9).  Subsequently, Poling filed an amended petition, which incorporated the grounds of his original petition, and raised four additional grounds for relief:

> 6. Petitioner/Defendant is denied his right to a fair trial by an impartial jury.

> 7. Ineffective trial counsel.

> 8. Ineffective appellate counsel.

> 9. Abuse of discretion of the trial court to not grant evidentiary hearing.

Magistrate Judge McHargh  correctly concluded that the first ground was not fairly presented as a federal claim to the state courts and the second, third, fourth, fifth and seventh grounds have been procedurally defaulted.  As to Poling's sixth, eighth and ninth grounds for relief, Judge McHargh determined that they were untimely filed.  On Oct. 24, 2012, the Ohio Supreme Court dismissed Poling's second petition for post-conviction relief, which ended the tolling of the limitations period for Plaintiff to assert additional grounds for relief under 18 U.S.C 2254.  Thus, because only thirty-eight days of the limitations period remained, the statute of limitations expired on December 1, 2012.  Poling filed his amended petition on Dec. 13, 2012 and was therefore untimely.  Judge McHargh found that equitable tolling did not apply because Poling did not show that some "extraordinary circumstance" stood in the way of his timely filing. (Doc. # 32 at 12).

Poling has filed Objections to the R&R (Doc. #3).  Therein Poling argues that equitable tolling should apply to his sixth, eighth and ninth grounds.  In doing so, Poling asserts, for the first time, that he was not notified of the Ohio Supreme Court's decision dismissing his appeal

"until well into Nov[.] 2012."  In support, Plaintiff points to an entry on the Ohio Supreme Court's docket for his case indicating that a copy of the decision was mailed to the clerk on November 8, 2012 (Doc. # 20, Ex. 78).  Poling claims that because he does not have access to the internet, he had to wait for the clerk of courts to send him a copy of the decision.

The court overrules Poling's objection.  First, Poling never raised this argument in his traverse or supplemental traverse and, therefore, it was never before Magistrate Judge McHargh or Respondent.  *See United States v. Square,* 790 F. Supp. 2d 626, 632-33 (2011) (" the [Sixth Circuit] has indicated in several cases that a party's failure to raise an argument before the magistrate judge constitutes a waiver") (citations and internal quotations omitted).  Second, Poling admits that he knew of the Ohio Supreme Court's decision  in November 2012, which is prior to the date that the statute of limitations expired.  Therefore, he could have moved for additional time to file an amended petition before the statute of limitations expired.

Accordingly, the Court **OVERRULES** the objections (**Doc # 33**), **ADOPTS** the R&R in its entirety (**Doc # 32**), and **DISMISSES** the Petition (**Doc # 1, 12**).

**IT IS SO ORDERED.**

*/s/ Dan A. Polster     July 16, 2014*
**Dan Aaron Polster**
**United States District Judge**

-3-